# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|   |   |   |
|---|---|---|
| George F. Lemond, Jr. and<br>Matthew C. Klase *on behalf of*<br>*themselves and all other similarly*<br>*situated*, | :<br>:<br>:<br>: |   |
|   | : | CIVIL ACTION NO. |
| Plaintiffs, | : | 1:09-cv-01582-JOF |
|   | : |   |
| v. | : |   |
|   | : |   |
| Capital One Bank (USA), N.A., | : |   |
| Defendant. |   |   |

## **OPINION & ORDER**

This matter is before the court on Defendant's motion for judgment on the pleadings [11], Plaintiff's motion to voluntarily dismiss [13], and Defendant's motion for leave to file surreply [16].

Plaintiffs George F. Lemond and Matthew C. Klase filed this action against Defendant Capital One Bank (USA), N.A., on behalf of themselves and "all persons similarly situated within the United States and also on behalf of the General Public of the State of Georgia." Plaintiffs filed their complaint in Superior Court in Fulton County. The case was removed to this court on June 12, 2009. Plaintiffs' complaint asserts individual claims for violations of the Georgia Fair Business Practices Act, and Plaintiffs also allege,

on behalf of themselves and certain Capital One credit card holders, breach of contract, trover and conversion, and unconscionability. Plaintiffs' complaint arises out of an increase in the interest rate on their Capital One credit cards. Defendant filed the present motion for judgment on the pleadings on August 12, 2009. The parties consented to extending Plaintiffs' time to answer Defendant's motion, but Plaintiffs did not file a response to that motion. Instead, Plaintiffs filed the present motion to voluntarily dismiss. Defendant then filed the present motion for leave to file a surreply regarding Plaintiffs' motion to voluntarily dismiss.

Plaintiffs bring their motion to voluntarily dismiss under Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) allows a plaintiff to dismiss an action, after the defendant has answered, but "only by court order, on terms that the court considers proper." Plaintiffs have "decided not to pursue this case at this time," and they contend that dismissal would not work any prejudice on Defendant, even though Defendant has already filed a motion for judgment on the pleadings. Plaintiffs request the action be dismissed without prejudice.

In response, Defendant agrees that Plaintiffs' case should be dismissed. However, Defendant requests that the case be dismissed with prejudice, and further, Defendant requests that the court condition the dismissal upon Plaintiffs paying the costs Defendant incurred in defending this action. Defendant argues that Plaintiffs Lemond and Klase and their counsel of record, Edward Adam Webb, are members of the same law firm, and "have

2

repeatedly filed class action lawsuits in which at least one of them appears as a class plaintiff and another serves as class counsel for the purpose of extracting quick settlements from corporate defendants who would rather pay their nominal settlement demand than proceed with litigation." Docket Entry [14], at 1-2. Defendant cites several cases as evidence of this proposition, and contends that Plaintiffs and their counsel alter their names by alternating between using initials and using their full names, depending on whether they are acting as plaintiff or counsel, in order to prevent others from realizing that they are all members of the same firm. Further, Defendant alleges that Plaintiffs have taken no action since filing their complaint, including failure to serve any discovery. In fact, Defendant alleges that Mr. Webb and his legal partners, Plaintiffs Klase and Lemond, have filed a new action in state court against Defendant based on the same alleged conduct.[1] Based upon these actions, Defendant requests that Plaintiffs' case be dismissed, but with prejudice. Even if the court grants Plaintiffs' motion without prejudice, Defendant still request that the dismissal be conditioned upon an award to Defendant of its costs and attorneys' fees.

In response, Plaintiffs argue that Defendant has not shown that it would be prejudiced by a dismissal. Further, Plaintiffs dispute Defendant's claim that they have acted in bad faith, and dispute many of Defendant's factual contentions regarding Plaintiffs' alleged

---

[1] The court notes that this case has been removed to federal court and is now pending in front of this court. *Barker et al v. Capital One Bank (USA), N.A.*, Civil Action No. 1:09-cv-02692-JOF.

3

practice of filing class action suits in an attempt to achieve quick settlements. Therefore, Plaintiffs again assert their claims should be dismissed without prejudice. Further, Plaintiffs contend that the court should not impose the conditions of costs upon dismissal because the case is at an early stage in the proceedings, Defendant has not incurred any expenses in responding to discovery, and because Defendant contends that Plaintiffs' counsel has filed a subsequent case raising the same issues, Defendant cannot have incurred any expenses in researching and presenting legal arguments. According to Plaintiffs, the case should be dismissed without prejudice and without the condition that Plaintiffs pay Defendant's costs.

In response, Defendant filed the present motion for leave to file a surreply [16]. Defendant asserts that it seeks leave to file the surreply to "bring relevant case law to the Court's attention showing that: (1) abuse of the class action form is a concern of Courts; (2) Plaintiffs and their counsel owe a duty to the class they purport to represent that prohibits them from bringing class actions on behalf of each other; and (3) Plaintiffs and their counsel could not reasonably have believed that bringing this action as they have was consistent with their obligations." Docket Entry [16-1]. Defendant's surreply further seeks to address the factual contentions it asserted in its response to Plaintiffs' motion to dismiss—those factual contentions that were disputed by Plaintiffs in their reply brief. Plaintiffs oppose Defendant's motion for leave to file a surreply because Plaintiffs argue that neither the Federal Rules of Civil Procedure or the Local Rules of this court allow surreplies and,

4

though courts can grant them, they are disfavored. If the court does allow Defendant to file its surreply, Plaintiffs request to be allowed to file a sur-surreply.

Plaintiffs are correct in their assertion that neither the Federal Rules of Civil Procedure nor this court's local rules allow the filing of surreplies. *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) (Duffey, J.). The court can, in its discretion, allow a party to file a surreply. *Id*. However, "this discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Id*. As this court has previously warned, "[t]o allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs." *Garrison v. Northeast Georgia Medical Center, Inc.*, 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999) (O'Kelley, J.). Having reviewed both Defendant's proposed surreply and Plaintiff's proposed sur-surreply, the court finds that Defendant has simply extended the arguments made previously, and the proposed surreply is unnecessary to the court. Defendant's motion for leave to file a surreply is DENIED [16].

"The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976).[2] This allows the plaintiff to

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions rendered by the former Fifth

AO 72A
(Rev.8/82)

withdraw without prejudice to future litigation. *Id*. Moreover, by enabling the court to attach conditions to the order of dismissal, the rule also encourages protection of defendants. *Id*. Generally, a motion for dismissal should be granted unless the defendant will suffer prejudice or some legal harm. *Id*. Here, Defendant does not argue that it will suffer any legal harm if Plaintiffs' suit is dismissed. In fact, Defendant requests that the court grant Plaintiffs' motion. However, Plaintiffs' request a dismissal without prejudice, while Defendant requests dismissal with prejudice and conditioned upon Plaintiffs paying the costs Defendant has accrued in defending this action.

Rule 41(a)(2) states that a dismissal will be without prejudice, unless the court's order states otherwise. Fed. R. Civ. P. 41(a)(2). "[A] dismissal with prejudice "is an extreme sanction that may be properly imposed *only* when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Dinardo v. Palm Beach County Circuit Court Judge*, 199 Fed. Appx. 731, 735 (11th Cir. 2006). The court does not find a dismissal with prejudice warranted as Plaintiff has not engaged in a clear pattern of delay or contumacious conduct. While Defendant is clearly unhappy with Plaintiffs' and Plaintiff's counsel's conduct, this does not warrant a dismissal with prejudice, which is an extremely strong sanction. This case has only been pending for six months, Plaintiffs have served no

---

Circuit prior to October 1, 1981.

AO 72A
(Rev.8/82)

discovery on Defendant, and Defendant does not assert that it will suffer any legal prejudice or harm— merely that Plaintiffs' and Plaintiff's counsel's conduct evidences bad faith. That Defendant filed a motion for judgment on the pleadings is of no consequence. *See Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1258 (11th Cir.2001). Relying on the discretion allowed to it by Rule 41(a)(2), the court finds that lesser sanctions than a dismissal with prejudice are more appropriate.

Rule 41(a)(2) allows the court to condition a dismissal without prejudice, and one such condition within the discretion of the court is an award of costs to Defendant. *Bishop v. West American Ins. Co.*, 95 F.R.D. 494, 495 (N.D. Ga. 1982) (Murphy, J.). "The purpose of awarding costs under Rule 41(a)(2) is twofold: to fully compensate the defendant for reasonable expenses incurred before dismissal and to deter vexatious litigation. The award of costs usually includes all litigation-related expenses incurred by the defendant, including reasonable attorney fees." *Id*. (internal citations omitted). "In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Pontenberg*, 252 F.3d at 1255. The court finds that it is appropriate to grant Plaintiffs' motion to voluntarily dismiss their complaint without prejudice. However, the court grants the motion on the condition that Plaintiffs pay for all litigation related expenses, including reasonable attorneys' fees, that Defendant has incurred

7

in the present litigation. This cures any inequitable affect on Defendant, who has not argued that it would suffer any legal harm from dismissal, and further, it will serve to deter any possible vexatious litigation.

In conclusion, the Court GRANTS Plaintiffs' Rule 41(a)(2) motion to dismiss without prejudice [13] ON THE CONDITION THAT Plaintiff PAYS the costs, including reasonable attorneys' fees, that Defendant has occurred in defending this case. Defendant SHALL file a motion for attorney's fees and costs in accordance with the dictates of *Norman v. Housing Authority*, 836 F.2d 1292 (11th Cir. 1988), and *ACLU v. Barnes*, 168 F.3d 423 (11th Cir. 1999) within 20 (twenty) days of this Order. The court shall retain jurisdiction over this cause and a final order on Plaintiffs' motion and judgment SHALL NOT be entered until the attorneys' fees and costs issue is resolved. Additionally, the court DENIES Defendant's motion to file a surreply [16], and the court DENIES AS MOOT Defendant's motion for judgment on the pleadings [11].

**IT IS SO ORDERED** this 2nd day of March 2010.

        /s J. Owen Forrester
        J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)